# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1400V

|  |
|---|
| BARBARA BURRIS,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. |

Chief Special Master Corcoran

Filed: April 6, 2026

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On September 9, 2024, Barbara Burris filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") resulting from an influenza vaccine received on October 4, 2022. Petition at 1.

The case was activated from "pre-assignment review" on October 23, 2024 (ECF No. 9). On March 24, 2025, Respondent filed his Rule 4(c) Report asserting that Petitioner was not entitled to compensation because she had not established that she actually

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

suffered from GBS, and had not otherwise met the requirements for a Table claim of GBS caused by the flu vaccine (ECF No. 13).

On May 20, 2025, I directed Petitioner to show cause why the case should not be dismissed (ECF No. 15). Based on review of the relevant medical records, I noted that the GBS diagnosis was based solely on Petitioner's statements to physicians. I also noted that she did not have documented reduced deep tendon reflexes until nearly four months after vaccination and illness onset, at which point she had only mildly reduced reflexes. And just over six months after vaccination, her neurologist initially stated that her history and clinical presentation were *not* consistent with GBS, adding later (approximately eight months after vaccination) that although she could have had GBS in the past, her present deficits seemed more attributable to her pre-existing spinal stenosis.[3] *Id*. Furthermore, Petitioner had not filed a proper affidavit or declaration as required by the Vaccine Act, filing only an unsworn testimonial statement. *Id*.

Petitioner missed the deadline to respond to my Show Cause Order, and also missed an extended deadline. On August 15, 2025, Petitioner filed a response (ECF No. 16). The response stated that since entry of the Order, Petitioner's counsel had made repeated unsuccessful attempts to contact Petitioner. *Id*. However, Petitioner had not authorized counsel to withdraw from representation or to withdraw the Petition. *Id*. Therefore, Petitioner requested that the matter be adjudicated based on the existing record. *Id*.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for a claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs*., 638 Fed. App'x 1013 (Fed. Cir. 2016) (upholding dismissal for failure to prosecute); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's .... deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order ..., would result in dismissal of the claim."); *see also* Vaccine Rule 21(b) ("[t]he special master or the court

---

[3] That Petitioner's neurologist saw her just past the six-month mark and found her history and presentation not to be consistent with GBS also calls into question whether, even if she did at *some* point have GBS, she experienced residual effects thereof for at least six months.

2

may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner has ignored my Show Cause Order, and in doing so has not remedied deficiencies in the evidence. Thus, on the merits the claim exhibits serious deficiencies. Additionally, Petitioner has not filed an affidavit or declaration as required by the Vaccine Act. All of the foregoing support dismissal.

### Conclusion

**Petitioner has failed to prosecute her claim. Accordingly, this case is DISMISSED for failure to prosecute and insufficient evidence. The Clerk of Court shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.